UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN R. DISSER,

    Plaintiff,

v.                                               CAUSE NO. 3:20-CV-324-DRL-MGG

HEITT and KEVIN PUMPHERY,

    Defendants.

OPINION & ORDER

Shawn R. Disser, a prisoner without a lawyer, filed an amended complaint alleging his property was stolen on January 18, 2020, at the Miami Correctional Facility. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In his original complaint, Mr. Disser named one defendant: Warden Heitt. ECF 1. The complaint was screened, and he was told it was unclear why he was suing Warden Heitt. ECF 8. In the amended complaint, Mr. Disser alleges he gave a Tort Claim Notice to his unit case manager on February 7, 2020. He expected it to be given to Warden Heitt whom he believes should have forwarded it "down State." Because he has not gotten a response back, Mr. Disser believes Warden Heitt did not forward the Tort Claim Notice. Consequently, he is suing for monetary damages.

It is unclear why he believes it was Warden Heitt's responsibility to send a copy "down State." IDOC Policy 00-01-104, Tort Claims For Property Loss, Section VI explains:

> When the form is completed, the offender shall submit the form to the Facility Head or designee. *The offender shall send* a copy of the claim, including all supporting documents, to the Department's Tort Claim Administrator, Division of Legal Services (E334, Indiana Government Center-South, 302 W. Washington Street, Indianapolis, IN 46204).

https://www.in.gov/idoc/files/00-01-104_Tort_Claims_2-1-2013.pdf (emphasis added). That policy required Mr. Disser – not Warden Heitt – to send a copy "down State" to the Indiana Department of Correction Central Office. Nevertheless, even if Warden Heitt had violated a prison policy, that would not state a claim because 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state statutes, administrative regulations or prison rules. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) and *Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.").

Mr. Disser also sues Kevin Pumphery, his cellmate when the property was stolen. He does not allege Mr. Pumphery took his property, and it is unclear why he believes it was his responsibility to protected it. What is clear is that, whatever his cellmate may or may not have done, he was not acting under color of state law and the amended complaint does not state a claim against him.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), Mr. Disser has already been granted leave to amend and any further amendments would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES the case under 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED.

July 6, 2020                                                    *s/ Damon R. Leichty*
                                                                  Judge, United States District Court